**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CHARLA H.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-670

Graham, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Charla H. filed this Social Security appeal to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the following reasons, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### I. Summary of Administrative Record

On April 26, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income on March 18, 2022. Both applications were denied initially and on reconsideration.

On February 8, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Carol Guyton. A vocational expert also appeared and testified. On April 29, 2024, the ALJ issued an adverse written decision,

---

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

concluding that Plaintiff was not disabled. (Tr. 116-28). The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff alleged disability beginning on September 30, 2021. She was 31 years old at the allege disability onset date. (Tr. 127). Plaintiff has at least a high school education, no past relevant work, and did not engage in substantial gainful activity since the alleged onset date. (Tr. 119, 126, 127).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder, posttraumatic stress disorder, generalized anxiety disorder, and opiate and cocaine use disorders (20 CFR 404.1520(c) and 416.920(c))." (Tr. 119). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 120). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> She can never climb ladders, ropes, or scaffolds. She can have no exposure to hazardous machinery, or unprotected heights. She is able to understand, remember, and carry out simple, routine tasks involving no more than simple short instructions and can use judgment to make simple work related decisions with occasional work place changes. She can have no interaction with general public, occasional interaction with coworkers and supervisors. She can have no production rate work but can-do jobs with end of the day goals. She can work within a set routine where major changes are explained in advance and gradually implemented to allow for adjustment.

(Tr. 121-22). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the

national economy, including the representative occupations of linen room attendant, marker, and garment sorter. (Tr. 127). The ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. (Tr. 128).

In formulating the RFC, the ALJ considered the prior administrative medical findings of state agency psychological consultants Courtney Zeune, Psy.D., and Karla Delcourt, Ph.D. (Tr. 126). Dr. Zeune opined that Plaintiff had moderate limitations in several areas of mental functioning and, as relevant here, that Plaintiff could relate to coworkers and supervisors on a superficial level. (Tr. 84-89). Dr. Zeune further opined that Plaintiff could have occasional superficial interactions with the general public, but could not conduct business with the public. Dr. Delcour affirmed Zeune's assessment at the reconsideration level. The ALJ found these opinions persuasive overall but did not adopt the consultants' precise "superficial interaction" terminology, instead limiting Plaintiff to no interaction with the general public and occasional interaction with cowokers and supervisors. (Tr. 121-22, 126).

In this case, Plaintiff contends that the ALJ failed to fully incorporate the state-agency psychologists' social interaction limitations into the RFC or adequately explain the omission. (Doc. 8).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial

gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's

impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. Plaintiff's Challenge to her RFC is without Merit.**

The undersigned finds no error in the ALJ's decision not to include a limitation to superficial interaction with coworkers and supervisors. As discussed below, the ALJ considered the state agency psychologists' opinions, found them persuasive overall, and adequately explained why the RFC adopted different terminology for social interaction limitations. The ALJ's determination is supported by substantial evidence.

A claimant's RFC is an assessment of "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3)

other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)– (5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base her determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019). If the resulting RFC conflicts with a medical opinion, the ALJ must "explain why the opinion was not adopted." SSR 96-8, 1996 WL 374184, at *7.

Thus, the ALJ must explain how she considered medical opinions and how persuasive she found the medical opinions to be. *Holston v. Saul*, No. 1:20-CV-1001, 2021 WL 1877173, at *11 (N.D. Ohio Apr. 20, 2021), *report and recommendation adopted*, No. 1:20 CV 1001, 2021 WL 1863256 (N.D. Ohio May 10, 2021). Under 20 C.F.R. § 404.1520c, an ALJ must evaluate the "persuasiveness" of each medical opinion, which requires the ALJ to explain how she considered the supportability and consistency of the opinion. Notably, the Court's role is not to reweigh the evidence, but to make sure the ALJ employed the proper legal standard by considering the factors and supported the conclusion with substantial evidence. *Id.*, at *14. Where, as here, a claimant challenges the RFC based on the ALJ's treatment of medical opinions or prior administrative medical findings, the Court examines whether the ALJ complied with the governing regulations and whether substantial evidence supports the resulting RFC. Thus, "in deciding whether the ALJ has adequately 'explained' the decision not to adopt particular phrasing from a medical opinion, this Court's review is largely constrained to whether that explanation is rational such that the court can 'trace the path of [its] reasoning.'"). *Stephen D. v. Comm'r of Soc. Sec.*, 734 F.Supp.3d 729, 741 (S.D. Ohio May 16, 2024) *quoting Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011).

In this case, after finding the opinions of Drs. Zeune and Delcour persuasive overall, the ALJ explained why she expressed the social limitations in different vocational terms. Specifically, the ALJ noted that Plaintiff was often calm and cooperative during treatment, maintained supportive relationships with family members and a close friend, expressed interest in pursuing group therapy, pursued education and employment opportunities, and was able to manage significant childcare and organizational

responsibilities. (Tr. 126). The ALJ further explained that Plaintiff's interpersonal difficulties appeared largely related to situational conflicts with her children's father and issues involving coparenting, rather than a generalized inability to interact appropriately with others. Thus, the ALJ did not disregard the psychologists' opinions. Rather, she considered those opinions together with the record as a whole and incorporated the social limitations she found supported by the evidence into the RFC. *See Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").

The ALJ also reasonably considered evidence that Plaintiff's allegations regarding the severity of her social limitations were not entirely consistent with the record. The decision included multiple examples suggesting that Plaintiff retained greater social and functional abilities than alleged, including her ability to interact appropriately during treatment, maintain relationships, attend appointments, seek employment, pursue education, and manage the needs of her children. (Tr. 120-26). The ALJ also considered Plaintiff's own statements attributing periods of unemployment to factors such as childcare, transportation, and child-support concerns, rather than solely to disabling mental impairments. (Tr. 123-24). And although Plaintiff asserted that she was unable to work because of anxiety and difficulty being around others, the ALJ found her allegations inconsistent with evidence in the record. (Tr. 122-23). The ALJ properly considered these inconsistencies when evaluating the intensity, persistence, and limiting effects of Plaintiff's symptoms. SSR 16-3p.

Plaintiff argues that the ALJ failed to include the "superficial" interaction limitation despite finding the opinions generally persuasive. However, an ALJ is not required to

adopt every limitation assessed by a medical source or prior administrative medical finding, even when the opinion is found persuasive. Rather, as occurred in this case, the ALJ must evaluate the persuasiveness of the opinion and formulate an RFC based on the record as a whole. *See Reeves v. Comm'r of Soc. Sec.* 618 F. App'x 267, 275 (6th Cir. 2015) ("[E]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *See also Ferguson v. Comm'r of Soc. Sec.,* No. 2:18-cv-1024, 2019 WL 2414684, at *5 (S.D. Ohio June 7, 2019) ("Nor, as the case law above makes clear, was the ALJ required to explain why he did not adopt their opinions in full"), Report and Recommendation adopted at 2019 WL 3083112 (S.D. Ohio July 15, 2019).[2]

In any event, any error would be harmless. The vocational expert testified that a limitation to superficial interactions with coworkers and supervisors would not affect the occupations identified at Step Five. (Tr. 49). Accordingly, even if the RFC should have included the precise term "superficial," Plaintiff has not shown that the outcome of the disability determination would have changed.

---

[2] Additionally, several courts within this Circuit have concluded that, "'occasionally' does not create a sufficient conflict with 'superficially' when applied to 'interactions,' such that the ALJ would be required to explain that change." *Stephen D.,* 734 F.Supp.3d at 738; *Latonya J.. v. Comm'r of Soc. Sec.*, No. 1:24-cv-684, 2026 WL 850743, at *3 (S.D. Ohio Mar. 27, 2026). *See also Dawn M. v. Comm'r of Soc. Sec.*, No. 3:24-cv-02, 2024 WL 3568859, at *6-7 (S.D. Ohio July 29, 2024). In any event, in this case the ALJ adequately explained her reasoning behind the RFC. *See Muoio v. Comm'r of Soc. Sec.,* No. 4:24-cv-2175, 2026 WL 468557, at *12 (N.D. Ohio Feb. 19, 2026) ("Even assuming *arguendo* that there is a conflict between the terms superficial and occasional, the Court agrees with the Magistrate Judge that the ALJ adequately explained his reasons for omitting a limitation to superficial contact with coworkers and supervisors from the RFC").

In sum, because the ALJ considered the state agency psychologists' opinions, explained the basis for the RFC, and supported the RFC with substantial evidence, the undersigned finds no reversible error. The ALJ's decision builds an accurate and logical bridge between the evidence and the RFC determination. Because the decision is supported by substantial evidence and consistent with the appliable regulations, the decision should be affirmed.

**III. Conclusion and Recommendation**

Because the ALJ's decision reflects no reversible error and is supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **AFFIRMED** and that this case be **CLOSED**.

*s/Stephanie K. Bowman* _____
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLA H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-670

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

!!
!